IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA    :

:   Criminal Case No. DKC 05-0230
   Civil Action No. DKC 16-1716

v.    :

:   Criminal Case No. DKC 05-0246
   Civil Action No. DKC 16-1710

THOMAS A. SWEATT

:

**MEMORANDUM OPINION**

Thomas A. Sweatt, who is currently serving a sentence of 1630 months in prison, followed by a life sentence, filed motions pursuant to 28 U.S.C. § 2255 to vacate his convictions under 18 U.S.C. § 924(c). (DKC 05-0230, ECF No. 22 and DKC 05-0246, ECF No. 16). He also filed motions to supplement these petitions (DKC 05-0230, ECF No. 23 and DKC 05-0246, ECF Nos. 15 and 16 (corrected)), and a motion to seal. (ECF No. 05-0246, ECF No. 27). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Mr. Sweatt is entitled to have both of the § 924(c) convictions vacated, and ultimately the motions will be granted. A telephone conference will be set with counsel to discuss the procedure to determine the proper relief in light of this opinion.

**I. Background**

In the spring of 2005, Petitioner was charged in three jurisdictions for crimes arising from fires he set with a homemade

"incendiary device" throughout Maryland, Virginia, and the District of Columbia. In the District of Maryland, he was charged with six different crimes: two counts of arson under 18 U.S.C. § 844(i), three counts of possession of a destructive device under 26 U.S.C. §§ 5861(d) and 5871, and one count of possession of a destructive device in furtherance of a crime of violence under 18 U.S.C. § 924(c). (DKC 05-0230). In the District of Columbia, he was charged with seven crimes: one count of arson under § 844(i), one count of using and carrying a destructive device during and in relation to a crime of violence under § 924(c), three counts of possession of a destructive device under 26 U.S.C § 5861(d), first degree murder while armed under 22 D.C. Code §§ 2101 and 4502, and second degree murder while armed under 22 D.C. Code §§ 2103 and 4502. (DKC 05-0246). In the Eastern District of Virginia, he was charged with two counts of arson under 18 U.S.C. § 844(i). (DKC 05-0258). The indictments in the District of Columbia and Virginia were transferred to Maryland under Fed.R.Crim.P. 20(a). On June 6, 2005, Mr. Sweatt pled guilty to all fifteen charges. A combined sentencing was held on September 12, 2005.

Mr. Sweatt was sentenced to 1630 months in prison, followed by a life sentence. Sentences for eleven of the counts were ordered to be served concurrently, with the longest being 262 months. The court noted that those eleven counts "do not either statutorily or under the guidelines require consecutive

sentencing." (DKC 05-0230, ECF No. 19, at 36). These eleven included all the arson and possession of a destructive device charges in the three cases. Petitioner received consecutive sentences on the other four counts, each to be consecutive to all others. For the 18 U.S.C. § 924(c) conviction for "possession of destructive device in furtherance of a crime of violence" in the Maryland case (DKC 05-0230, "Count Three"), Petitioner was sentenced to 30 years (360 months). For the § 924(c) offense charged in D.C. for "use and carry [of a] destructive device during and in relation to a crime of violence" (DKC 05-0246, "Count Two"), Mr. Sweatt was sentenced to life in prison. Finally, for the two-armed murder charges, also charged in D.C. (DKC 05-0246, "Counts Six and Seven"), he was sentenced to 60 years (720 months) and 288 months, respectively. The judgment stated that the initial sentence was "262 months, followed by the 30 year sentence on count 3 of [case] 0230, then the 60 year sentence on count 6 of [case] 0246, then the 288 month sentence on count 7 of [case] 0246, and finally the life sentence, on count 2 of [case] 0246." (05-0230, ECF No. 16, at 4.)

Petitioner has filed motions (and corrected motions) to vacate judgment concerning the two § 924(c) convictions. Petitioner argues that his convictions for use of a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) are void following the Supreme Court decision in *Johnson*

3

*v. United States*, 135 S.Ct. 2551 (2015). *Johnson* held that the so-called "residual clause" of the Armed Career Criminal Act (ACCA) was void for vagueness, and, the petition argued, the "residual clause" of 18 U.S.C. § 924(c) was "materially indistinguishable" from it and thus also void. Moreover, the Supreme Court later held that the residual clause of § 924(c) was itself void for vagueness in *Davis v. United States*, 139 S.Ct. 2319 (2019). *Davis*, Petitioner argues, is retroactive on collateral review as it announces a "substantive" rule. (DKC 05-0230, ECF No. 23-1, at 3-9). He asserts that the predicate arson offenses are no longer crimes of violence.

The government concedes that one of the convictions, in 05-0246, cannot stand as the predicate basic arson offense is no longer a crime of violence because it includes damage to one's own property and that the Petitioner is entitled to vacatur of that conviction. It argues, however, that the other § 924(c) conviction, in DKC 05-0230, should not be vacated, because the predicate offense, arson resulting in personal injury, still qualifies as a crime of violence. The government also argues that the remedy proposed by Mr. Sweatt, *i.e.*, that the court "vacate Mr. Sweatt's sentence on all counts under the sentencing package doctrine and conduct a resentencing on the remaining counts of conviction" in all three related cases, be rejected. The

4

government asks instead that the court "impose a corrected sentence of 1630 months (as previously imposed) on the remaining counts."

**II. Motion to Vacate Sentence**

    **A. Standard of Review**

To be eligible for relief under § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).  "Like *Johnson*, *Davis* announced a new substantive rule that applies retroactively on collateral review."  *Goods v. United States*, No. RDB-20-3118, 2021 WL 488579, at *4 (D.Md. Feb. 10, 2021) (citing *United States v. Wilder*, 834 Fed.Appx. 782, 784 (4th Cir. 2020)).

    **B. Analysis**

Petitioner maintains that his 18 U.S.C. 924(c) convictions for the charges brought in Maryland and Washington D.C. should both be vacated as they are each predicated on his underlying arson convictions qualifying as a "crime of violence."  After *Davis*, arson cannot qualify, he argues, for two reasons: 1) it requires the use of physical force against the person or property *of another*, and arson can be committed against one's *own* property, and 2) it "requires the *intentional* use of force," but arson can

5

be committed recklessly. (*See* DKC 05-0230, ECF No. 23-1, at 5-7).

18 U.S.C. § 924(c) prohibits the use of a "firearm" (including a destructive device) in commission of a violent crime. Justice Gorsuch explained in *Davis* how § 924(c) operates:

> That statute authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." § 924(c)(1)(A). The statute proceeds to define the term "crime of violence" in two subparts — the first known as the elements clause, and the second the residual clause. According to § 924(c)(3), a crime of violence is "an offense that is a felony" and
>
>> "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another.["] or
>>
>> "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

*Davis*, 139 S.Ct. at 2324. (footnote omitted). Subsection (B), the "residual clause," is "unconstitutionally vague." *Id.* at 2336. This leaves only the "elements clause" intact, § 924(c)(3)(A).

The parties agree that the "categorical approach" must be applied to determine whether a predicate offense qualifies as a crime invariably involving the use, attempted use, or threatened use of physical force against the person or property of another.

6

This means looking purely at the elements of the crime and not to any facts of a particular case.

The government concedes that the "basic" form of arson under § 844(i) does not qualify as a crime of violence following the logic of *Torres v. Lynch,* 136 S.Ct. 1619, 1629-30 (2016), in which the Court remarked that arson statutes that include prohibitions against destroying one's own property would not fit within the definition of "crime of violence" in 18 U.S.C. § 16 (use of physical force against the person or property of another). It agrees that the life sentence imposed for the § 924(c) conviction originally charged in the D.C. indictment should be vacated. (DKC 05-0246, ECF No. 20, at 4). It contends, however, that the Maryland § 924(c) indictment and conviction (DKC 05-0230) included a statutory enhancement for arson resulting in personal injury. As a required element of that *form* of arson, it argues, this conviction invariably involves the use of force against the person or property of another, and thus, categorically, qualifies as a crime of violence.

The vast majority of cases analyzing whether § 844(i) qualifies as a crime of violence end with the recognition that arson includes burning one's own property and do not address the mens rea requirement. Petitioner argues, based in part on *Leocal v. Ashcroft*, 543 U.S. 1 (2014), that the elements clause of 18 U.S.C. § 16(a), which is "identical to the § 924(c) elements clause

7

- requires a predicate offense to involve a 'higher mens rea than [] merely accidental or negligent conduct.'" (DKC-05-0230, ECF No 23-1, at 6 and DKC-05-0246, ECF No. 16-1, at 6) (both quoting *Leocal*, 543 U.S. at 11). Because arson can be committed recklessly, he argues that it cannot qualify as a "crime of violence."

Since the parties briefed the pending motions, the Supreme Court of the United States issued a decision in *Borden v. United States*, 141 S.Ct. 1817, 1822 (2021).[1] There, the question was whether a criminal offense can count as a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), so as to trigger a mandatory minimum, if the underlying predicate offense on which that enhancement is based requires only a mens rea of recklessness. Specifically, the issue was whether a Tennessee conviction for aggravated assault, which can be committed recklessly, has as an element the use of physical force against the person of another.

The Court reversed the judgment but did not issue a majority opinion. The plurality opinion, authored by Justice Kagan for the four justice plurality, found that mere recklessness did not

---

[1] The decision in this case was deferred pending the decision in *Borden*.

suffice to constitute a "violent felony:"[2] "The phrase 'against another,' when modifying the 'use of force, demands that the perpetrator direct his action at, or target, another individual. Reckless conduct is not aimed in that prescribed manner." *Id.* at 1825 (plurality opinion). Specifically, Justice Kagan reasoned that modern criminal statutes require one of four basic types of mental states "in descending order of culpability: purpose, knowledge, recklessness, and negligence." *Leocal* had found that purely negligent conduct did not evince a culpable enough state of mind to satisfy the definition of "crime of violence" under 18 U.S.C. § 16(a), "a statutory definition relevantly identical to ACCA's elements clause." *Id.* at 1824 (quoting *Leocal*, 543 U.S. at 125). The plurality declared that it was expressly taking up the question the Court had "reserved" in *Leocal* and *Voisine v. United States*, 579 U.S. 686 (2016) (finding reckless domestic assault qualified as a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9)). *Id.* at 1825.

---

[2] Justice Thomas wrote the sole concurrence that found that the "particular provision at issue here does not encompass petitioner's conviction for reckless aggravated assault" but declared he was doing so solely to avoid "aggravating a past error" even though the "consequences" of the court's ultimate decision was "at odds with the larger statutory scheme." *Id.* at 1834 (Thomas, J., concurring). He would focus on the "use of physical force" portion of the statute, rather than the "against the person of another" phrase. Four dissenters would have ruled that the ACCA's use-of-force clause encompasses reckless offenses. *Id.* at 1857 (Kavanaugh, J. dissenting).

Acts done recklessly, Justice Kagan explained, were done when a person "consciously disregards a substantial and unjustifiable risk" associated with that conduct. The ACCA, on the other hand, "set out to identify . . . the sort of offender who, when armed, 'might deliberately point the gun and pull the trigger.'" *Id.* at 1830 (quoting *Begay*, 553 U.S. 137, 145-46 (2008)). She subsequently identified other laws, such as DUI offenses, that prohibit conduct demonstrating a "degree of callousness toward risk," but noted that "[h]owever blameworthy, the reckless (or negligent) conduct involved in such a crime is 'far removed' from the 'deliberate kind of behavior associated with violent criminal use of firearms.'" *Id.* (quoting *Begay*, 533 U.S. at 145-47). There was "no reason" therefore to find that such "reckless offenses [] precipitate the statute's enhanced sentences." *Id.* at 1830-31.

Justice Kagan recognized that there may be laws whose mens rea go beyond mere recklessness, by requiring a somewhat more culpable state of mind, such as depraved heart or extreme recklessness, a state of mind just short of, if not akin to, acting knowingly. The plurality, however, left consideration of those crimes for another day. *Id.* at 1825 n.4.[3] She did, however,

---

[3] While the dissent vehemently disagreed with the outcome, it seemed to agree that criminal statutes existed on a continuum of culpability, as "the line between knowledge and recklessness can be thin," and one that criminal law "ordinarily does not draw" a line between. *Id.* at 1845 (Kavanaugh, J., dissenting).

10

highlight a number of potential offenses she felt were clearly on the "reckless" side of the line; for example, she asked the reader to "[i]magine" a driver who was, "late to work, decides to run a red light, and hits a pedestrian whom he did not see." That person "has consciously disregarded a real risk, thus endangering others," but "has not used force 'against' another person" to be swept up in the definition of a violent felony under the ACCA. *Id.* at 1827.

Thus, after *Borden*, a crime requiring only recklessness cannot be a predicate under the elements clause of § 924(e),[4] or, by extension, § 924(c), although the precise reason is not resolved. It remains to apply that limitation to the crime of arson under § 844(i). One court has done so even with the enhancement of causing personal injury or death and did so prior to *Borden*. As noted by Petitioner in his reply, the First Circuit held in *United States v. Tsarnaev*, 968 F.3d 24 (1st Cir. 2020), *cert. granted*, 141 S.Ct. 1683 (March 22, 2021),[5] that a § 924(c) conviction based on an § 844(i) offense cannot stand. The federal arson statute punishes anyone who "*maliciously* damages or destroys. . . any . . . property used in interstate or foreign

---

[4] Somewhat ironically, arson might still qualify as a predicate offense for 924(e) purposes because the definition of "violent felony" contains some enumerated offenses, including arson.

[5] The questions presented do not encompass the 924(c) issue.

11

commerce or in any activity affecting interstate or foreign commerce." (emphasis added). As Petitioner points out, the Fourth Circuit, among others and as detailed in his plea agreement, defines a malicious act as one in which the defendant acted "intentionally *or with willful disregard of the likelihood that damage or injury would result*." (DKC 05-0230, ECF No. 23-1, at 6-7) (quoting, among others, *United States v. Gullett*, 75 F.3d 941, 947 (4th Cir. 1996)); (*see also*, DKC 05-0246, ECF No. 16-2, at 5, "Elements of 18 U.S.C. § 844(i)").

The question becomes whether such maliciousness or "willful disregard" of the likelihood of injury constitutes mere recklessness or something more. In *Tsarnaev,* both the government and petitioner agreed that the term "maliciously" "includes both intentional and reckless acts." 968 F.2d at 101. Therefore, there was little to no discussion of whether the term signaled recklessness in its simplest form or something more. Rather the term was treated as akin to mere recklessness and the court found, unequivocally, that a crime that included such conduct failed to constitute a "crime of violence." *Id.* at 103.

In *Gullett,* the court addressed whether the government had provided "sufficient evidence to satisfy the malice element" of § 844(i) to support the defendant's conviction. 75 F.3d at 947. The court noted that Congress, despite not providing an express definition of "maliciously," meant to adopt the term's "common-

law definition." In looking to caselaw, the court found that "[p]rosecution for non-accidental damages is fully consistent with adoption of the common law meaning of the term 'maliciously.'" *Id.* at 948 (quoting *McFadden v. United States*, 814 F.2d 144, 146 (3ᵈ Cir. 1996) (itself citing to the Congressional Record, H.R. Rep. No. 91-1549, as evidence that "Congress intended to permit prosecution under Section 844(f) [a separate section of the statute criminalizing "Whoever maliciously damages or destroys" government property], unless damage to government property occurs accidently").

In turn, by allowing "maliciously" in § 844(i) to include *all* non-accidental damage or destruction, it is clear that the Fourth Circuit would deem a merely reckless mens rea sufficient to commit federal arson under this statute. *Borden* has entirely foreclosed this court from finding that such an offense properly can act as a predicate "crime of violence" under § 924(c).

**C. Relief**

When the government agreed that one of the § 924(c) convictions had to be vacated, it opposed a full resentencing on the remaining counts – the specific relief sought by Petitioner. Its proposed alternative was to vacate the consecutive life sentence only, leaving the remaining 1630-month sentence unchanged. In light of the fact that both § 924(c) convictions

13

will be vacated, a telephone conference will be set to discuss with counsel the procedure for determining the proper remedy.

**III. Motion to Seal**

Petitioner moves to seal his prison progress report, the sole exhibit to his reply in DKC 05-0246, as privileged and confidential. (ECF No. 27) (filing ECF No. 28 under seal). This motion will be granted, and the exhibit will remain under seal.

**IV. Conclusion**

The supplemented motions in cases DKC 05-0230 and DKC 05-0246 will be granted, once the nature of relief is resolved.

                                                /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge